999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elton L. SMITH, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-36653.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided July 14, 1993.
 
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Elton L. Smith appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254 (1988). He contends that the district court should have held an evidentiary hearing and should have concluded that he was denied effective assistance of counsel. We reject these contentions and affirm.
 
 DISCUSSION
 1. Ineffective Assistance of Counsel
 
 3
 To prevail on his claim of ineffective assistance of counsel, Smith must demonstrate both deficient performance by his attorney and prejudice. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). Smith argues that his trial counsel's representation was deficient because counsel failed to challenge the legality of his arrest. He argues that counsel's omission was "clearly prejudicial" because it allowed tainted evidence and statements to be admitted as evidence. We conclude that Smith has failed to demonstrate that his attorney's performance was deficient. We do not reach the prejudice issue.
 
 
 4
 We first note that the state court record indicates that Smith's attorney did contend during the suppression hearing that the arrest was made without a warrant or detainer. ER 67. A police officer testified, however, that the arresting officers acted upon a "detainer from the State Parole Board." ER 23. Thus, the state court in post-conviction proceedings concluded that the arrest issues "were in part, raised on trial and on appeal." ER 261.
 
 
 5
 Even assuming that the issues were not properly raised or presented to the state trial court for decision, we conclude that the omission does not constitute deficient representation. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Here, defense counsel recalled that he knew that "there was a detainer outstanding" for his client's arrest. ER 257. Under state law such a detainer "constitutes full authority for the arrest and detention of the violator." Or.Rev.Stat. § 144.360. It is not professionally unreasonable to decide not to file a motion that lacks merit. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991).
 
 2. Evidentiary Hearing
 
 6
 Smith contends that we should remand to allow the district court to expressly state whether its denial of an evidentiary hearing was an exercise of discretion. We conclude that remand is unnecessary. There is no indication in the record that the court believed that it was precluded from holding an evidentiary hearing. Rather, the court's decision indicates to us that it considered and concluded that such a hearing was not required.
 
 
 7
 We assume that Smith also challenges the court's decision not to conduct a hearing. We reject that challenge. Smith has failed to show that his allegations, even if taken as true, would entitle him to relief or that the state courts did not, after full and fair proceedings, reliably find the relevant facts. See Jeffries v. Blodgett, 988 F.2d 923, 931 (9th Cir.1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3